IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH JOHNSON,

    **Plaintiff,**

    v.                                                                                       CASE NO. 22-3151-SAC

MONTGOMERY COUNTY JAIL,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a detainee at the Montgomery County Jail in Independence, Kansas ("MCJ"), filed this pro se civil rights case under 42 U.S.C. § 1983. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On August 4, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until September 2, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given an opportunity to file an amended complaint to cure the deficiencies. The MOSC was mailed to Plaintiff's address of record but was returned as undeliverable, noting that Plaintiff was no longer at the facility. (Doc. 6.) The Court's Local Rules provide that a pro se party "must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. R. 5.1(c)(3).

Plaintiff alleges "neglect" in his Complaint, claiming that he was left in a restraint chair and Sgt. Davis and Sgt. Cline clamped cuffs and leg shackles on Plaintiff so tight that they cut his wrists and ankles. Plaintiff claims that Nurse Misty told Plaintiff that he would have to wait until Monday for medical care, and Nurse Misty, Lt. Johnson and Sheriff Wade have not tried to

liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citations omitted).

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 5, at 7.) Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 6, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**